UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE PRUE,

    Plaintiff,

    v.

UNIVERSITY OF WASHINGTON, *et al.*,

    Defendants.

Case No. C07-1859RSL

ORDER GRANTING MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on defendants' motion to compel plaintiff to identify the medical and mental health providers he has seen for the past ten years, to identify the nature of treatment and approximate dates thereof, and to compel him to sign stipulations to release the records directly from those providers to defendants. Defendants also seek an award of fees and costs for having to bring this motion.

For the reasons set forth below, the Court grants the motion to compel.

## II. DISCUSSION

Plaintiff, who is African American, alleges that the University of Washington and

ORDER GRANTING
MOTION TO COMPEL - 1

1 two individual defendants discriminated against him based on his race and age when they
2 failed to hire him for an open position in September 2005.  Plaintiff seeks emotional
3 distress damages.  He contends that he suffers from depression and post traumatic stress
4 disorder ("PTSD") as a result of defendants' conduct.

5     Plaintiff has agreed to provide medical records regarding his mental, emotional, or
6 psychological health, and has provided the names of people who have treated him for
7 those issues.  He has refused to provide any other information in response to the
8 interrogatory.  The parties met and conferred prior to defendants' filing this motion but
9 were unable to resolve the matter.

**A.    The Discovery Requests.**

Defendants are entitled to information relevant to "any party's claim or defense" and to broad discovery of information "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Plaintiff does not argue that he has seen an inordinate number of providers or that it would be otherwise burdensome to respond. Plaintiff concedes that defendants are entitled to information from the past ten years regarding his mental, emotional, or psychological health.  He argues that because he is not alleging that defendants caused him any physical harm, any information related to his physical health is privileged and irrelevant.  Although plaintiff relies on Washington's physician-patient privilege, it does not appear to apply in this case.[1]  Plaintiff has asserted only federal claims, and the federal law of privilege governs federal question cases.  See, e.g., Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.10 (9th Cir. 1992).

---

[1] Even if the privilege applied, it is likely that plaintiff has waived it.  RCW 5.60.060(4)(b) ("Waiver of the physician-patient privilege for any one physician or condition constitutes a waiver of the privilege as to all physicians or conditions.").

ORDER GRANTING
MOTION TO COMPEL - 2

Although the Supreme Court has recognized a federal psychotherapist-patient privilege, it has not approved of a broader federal privilege. Accordingly, the information is not privileged.

To support plaintiff's relevancy argument, he cites two published cases from California courts that have limited the scope of similar discovery requests. Although a defendant would not automatically be entitled to review all of a plaintiff's medical records every time an emotional distress claim is made, three points persuade the Court that broad disclosure is appropriate in this case. First, unlike in one of the cases plaintiff cites, he has alleged damages well beyond "garden variety" emotional distress. See, e.g., Fitzgerald v. Cassil, 216 F.R.D. 632, 637 (N.D. Cal. 2003) (explaining that courts have found a waiver of the privilege "when the plaintiff has done more than allege 'garden variety' emotional distress"). Second, plaintiff has not been forthcoming in his discovery responses in two areas. Supplemental Declaration of Jayne Freeman (Dkt. #27) at ¶¶ 10, 11 (explaining that plaintiff subsequently stated that he had applied for positions with several employers not previously identified, and seen at least one other medical provider since moving to Seattle who he had not previously identified). Regardless of whether the omissions were intentional or the result of memory lapses, they show that defendants may not obtain complete information about plaintiff's emotional distress unless they are able to review the medical records themselves. Third, defendants have engaged a physician to perform an independent medical examination of plaintiff who has opined that he needs to review plaintiff's medical records from the last ten years to complete his evaluation:

> [V]alid application of diagnostic criteria in the DSM IV requires direct access to collateral information such as medical history. Complete and accurate information regarding medical as well as mental health history can be important in not only determining prior functional abilities or impairments, but also evaluating alternate causes of symptoms that meet diagnostic criteria of mental disorders, such as medical conditions, side effects of medication, or substance abuse.

ORDER GRANTING
MOTION TO COMPEL - 3

Declaration of Dr. John Hamm, (Dkt. #17) at ¶ 9. Dr. Hamm's declaration shows that defendants are not merely conducting a "fishing expedition" as plaintiff alleges. Plaintiff has not offered a competing medical opinion. Accordingly, defendants are entitled to information about plaintiff's medical history beyond his mental health records.

The Court considers whether a narrowing of the request would be appropriate. Plaintiff invited defendants to narrow the scope "to inquire about serious health conditions that might have an impact on Mr. Prue's current emotional distress damages." Plaintiff's Opposition at p. 5. However, defendants are not required to rely on plaintiff's determination of what information might be relevant or his determination, in his lay opinion, of what might have caused his symptoms. Rather, defendants are entitled to review the records themselves to evaluate issues of causation, including whether any of plaintiff's other ailments or medications might have caused his symptoms and whether any of the symptoms predated defendants' actions. Similarly, the records could lead to information regarding whether plaintiff has mitigated his damages, by, for example, following up on previous recommendations by health care providers.

Plaintiff also offered to narrow the request to records created after plaintiff moved to Washington in May 2005. However, the relevant employment decision was made just a few months later, in September 2005. Defendants are entitled to information prior to that date to evaluate plaintiff's condition before and after the decision.

Accordingly, plaintiff shall be required to provide a complete response to the challenged interrogatory. As for the medical records, the Court will not require plaintiff to sign stipulations for their release. Although the collegial practice of doing so is fairly routine in this district, it is not set forth in the Rules. Defendants can seek the records either through requests for production or subpoenas. If defendants choose to issue

ORDER GRANTING
MOTION TO COMPEL - 4

requests for production, plaintiff must use his best efforts to secure the records. The Court acknowledges that plaintiff's foreign residences and multiple state moves may make it very difficult to obtain all of his medical records even with his best efforts in this area. Plaintiff will not be required to use extraordinary efforts to obtain the records.

**B.      Fees and Costs**.

Defendants request an award of its fees and costs in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) which permits an award unless the party's failure to disclose was "substantially justified." In this case, plaintiff's opposition to the discovery request was substantially justified. He has a legitimate privacy interest in his medical records. Also, he had a good faith basis to argue that defendants should not be entitled to records other than from his mental health physicians. Accordingly, the Court will not require him to pay defendants' fees and costs.

**C.      Document Filed Under Seal.**

Defendants have filed a document under seal without filing a motion to do so as required by Local Rule 5(g). See Declaration of Jayne Freeman, (Dkt. #19), Exhibit C. Because the document contains plaintiff's social security number, the Court will not order it unsealed. Rather, within ten days of the date of this order, defendants must either (1) file a redacted copy of the document in the docket, or (2) file a motion or stipulation and proposed order to maintain the document under seal. If the parties seek to file any additional documents under seal in this case, they must comply with Local Rule 5(g).

### III.  CONCLUSION

For all of the foregoing reasons, defendants' motion to compel (Dkt. #16) is GRANTED. Plaintiff must provide a complete response to Interrogatory No. 5 within ten

1 | days of the date of this order.

3 | DATED this 19th day of August, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO COMPEL - 6