HONORABLE ROBERT S. LASNIK
TRIAL DATE: FEBRUARY 2, 2009

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GEORGE PRUE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON and RACHAEL HOGAN,<br><br>　　　　　　Defendants. | No. C07-1859 RSL<br><br>DEFENDANTS' MOTIONS IN LIMINE<br><br>**NOTED FOR HEARING:**<br>**WEDNESDAY, JANUARY 14, 2009** |

Defendants move the Court for an order in limine on the following topics. For each of the topic below, Defendants seek an order which would prohibit Plaintiff from introducing evidence or arguments on the topics listed. In addition, all attorneys would be required to notify their witnesses of the topics covered in the order in limine prior to testimony. For each topic upon which the Court denies Defendants' a motion in limine, Defendants seek the Court's acknowledgement that they are relieved from making further objections before the jury.

**1.   Motion in Limine re: EEOC Probable Cause Determination.**

Plaintiff intends to offer at trial a "Determination" letter from the EEOC dated March 26, 2007. See, Appendix A. The document lists the University of Washington as the Respondent and George Prue as the Charging Party, and states, in relevant part:

DEFENDANTS' MOTIONS IN LIMINE-1
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

> *...charging party alleged that Respondent failed to hire him for a temporary Administrator Coordinator position because of his race, black, his age, 53.*
>
> *During the investigation, all relevant documents were reviewed and witnesses were interviewed. I have considered all the evidence disclosed during the investigation and have determined there is reasonable cause to believe that the allegations are true.*

The letter is signed by A. Luis Lucero, Jr., Director. Niether Mr. Lucero nor Kari Thompson, the EEOC investigator assigned to the case, will testify at trial (they have never been listed as potential witnesses by Plaintiff). Thus, they will not be available to explain how the investigation was conducted, what "documents" were reviewed and relied upon, or what facts or circumstances led to this "conclusion" that there is "reasonable cause" to believe "the allegations" are true. Nor will they be available for cross examination by Defendants—the University (employer) and Rachael Hogan (employee)—on these same issues.

More than twenty-five years ago, the Ninth Circuit ruled that a plaintiff could introduce an EEOC probable cause determination in a Title VII lawsuit. *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 504 (9th Cir. 1981). However, numerous courts since then have reasoned against such rule, and this Ninth Circuit decision is in the minority on the issue of admissibility of EEOC probable cause determinations

More recently, in *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1014-16 (9th Cir. 1999), the Ninth Circuit ruled that the trial court should perform an FRE 403 balancing test before admitting evidence of a government agency's finding of insufficient facts to show discrimination, noting that such determinations have the potential to create undue prejudice and mislead the jury. For the same reasons, this Court should perform such a balancing test under FRE 403 with respect to the EEOC's "probable cause" determination here, and

DEFENDANTS' MOTIONS IN LIMINE-2
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mln Limine.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

exclude it from evidence at trial.

Other circuits have recognized that EEOC reports are not homogenous products; they vary greatly in quality and factual detail. *Johnson v. Yellow Freight System*, 734 F.2d 1304, 1309 (8th Cir.) *cert. denied* 469 U.S. 1041, 105 S.Ct. 525, 83 L.Ed.2d 413 (1984). Those circuits have decided that the decision whether to admit EEOC probable cause determinations in a jury trial is within the discretion of the trial judge. *See id.; Walton v. Eaton Corp.*, 563 F.2d 66, 74-5 (3rd Cir. 1977); *Cox, v. Babcock & Wilcox Co.*, 471 F.2d 13, 15 (4th Cir. 1972).

However, the Second Circuit stated that it was not persuaded that EEOC or state-agency determinations must be admitted categorically. The court stated as follows:

> First, insofar as the Fifth and Ninth Circuits have adopted a rule of per se admissibility, they are in the minority. Most circuits that have considered the issue have left the question of whether to admit EEOC of state agency findings to the sound discretion of the district court. *See, e.g., Hall v. Western Prod. Co.*, 988 F.2d 1050, 1057-58 (10th Cir. 1993*); Barfield v. Orange Cty.*, 911 F.2d 644, 650-51 (11th Cir. 1990); *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984*); McCluney v. Jos. Schlitz Brewing Co.*, 728 F.2d 924, 929-30 (7th Cir. 1984); *Walton v. Eaton Corp.*, 563 F.2d 66, 75 & n. 12 (3d Cir. 1977) (in banc) (sic). Second, we adopt the majority approach because, as the Eighth Circuit noted in *Johnson*, employment-agency determinations "are not homogeneous products; they vary greatly in quality and factual detail." The party against whom such a determination is admitted must attempt to expose the weaknesses of the report, an effort that may well confuse or mislead the jury and result in an undue waste of time. We believe that the district court is in the best position to consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency.

*Paolitto*, 151 F.3d at 65.

In *Paolitto v. John Brown E&C, Inc.*, 151 F.3d 60, 64 (2nd Cir. 1998), the Appellant

DEFENDANTS' MOTIONS IN LIMINE-3
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  was seeking to admit the Commission on Human Rights and Opportunities (CHRO) findings in his case. The court below gave two reasons for excluding the CHRO determination: the evidence introduced at trial undercut many of the CHRO's factual findings and the Appellant had a full opportunity to present to the jury all evidence it had submitted to the CHRO. *Id.* at 65. The Second Circuit held that these were legitimate reasons to exclude the CHRO determination. *Id. See Hall v. Western Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993) (district court did not abuse discretion in excluding state agency report where "all the evidentiary matter before the [state agency] could be presented to the jury, and thus, sole purpose of admitting report would be to suggest to the jury that it should reach the same conclusion as agency). *Denny v. Hutchinson Sales Corp*, 649 F.2d 816, 822 (10th Cir. 1981) (agency finding has low probative value where jury presented with substantial admissible evidence on the matter).

Furthermore, the Eleventh Circuit has noted that whether a trial is a bench trial or a jury trial may very well affect the analysis under Rule 403. *Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir. 1990). The admission of the EEOC report, in certain circumstances, may be much more likely to present danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more. *Id.*; *see also, Guerra v. North East Independent Sch. Dist.*, 496 F.3d 415, 418-19 (5th Cir. 2007)(EEOC reports properly excluded as confusing and unduly prejudicial); *Young v. James Green Mang., Inc.*, 327 F.3d 16, 623-25 (7th Cir. 2003)(EEOC evidentiary documents properly excluded as confusing, unduly prejudicial, and a waste of time).

At trial, Plaintiff intends to call all witnesses and present documents to the jury

DEFENDANTS' MOTIONS IN LIMINE-4
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

regarding the underlying issues the jury will be asked to decide—whether Defendants University of Washington and/or Rachael Hogan intentionally discriminated against Plaintiff by refusing to hire him in 2005 because of his race or age. What is known is that Ms. Thompson apparently conducted telephone interviews with Plaintiff George Prue, Rachael Hogan, and Aaron Hinkhouse. *See*, Dkt. No. 38 (Dec. Hogan). She did not interview several other witnesses who will testify at trial, including Sheryl Vick (Hogan's supervisor), Kevin Kovach (interviewed and selected for temporary position the second time), Heather Harvey (U-Temps), Greg Brazil (interviewed and first selected for temporary position). *See*, Dkt Nos. 37, 39; Vick Dep., p. 65, attached to Dec. Freeman. Admitting the "probable cause" Determination will simply result in wasted trial time litigating about it rather than simply presenting evidence to the jury to decide for themselves.

Plaintiff intends to offer the EEOC Determination for no other purpose than to suggest to the jury that "the EEOC thought discrimination might have occurred, so you should too." The EEOC's Determination of "probable cause" is irrelevant, however, as it says no more than discrimination *could have* occurred; it falls short of the standard the jury will be required to decide—whether intentional discrimination did occur—yet will be used to argue that it "probably did." In reality, however, such a "determination" is not much different than a denial of a summary judgment or other ruling that simply allows the jury to hear the evidence and decide for itself. It should be excluded under FRE 402 and 403. Valuable trial time will be wasted litigating whether the EEOC investigation "got it right" versus simply litigating the underlying evidence itself.

Finally, admission of the EEOC Determination at trial is unduly prejudicial to Rachael Hogan, who was not the Respondent in the EEOC proceedings but who is an

DEFENDANTS' MOTIONS IN LIMINE-5
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

individual Defendant subject to liability and damages at trial (including potential punitive damages sought by Plaintiff). Plaintiff is pursuing claims under 42 U.S.C. §1983 and §1981 against Ms. Hogan individually, while he is pursuing claims against the University of Washington (the employer) under Title VII and the ADEA. While Ms. Hogan was briefly interviewed by the EEOC, she had no control or other involvement in the University's response to the EEOC claims. She was unaware of what information was requested or provided by the EEOC or the University, nor was she ever contacted by the EEOC directly (aside from a phone interview arranged through the UCIRO office), or involved in the "conciliation" process that followed the Determination. Hogan Dep., pp. 201-203, 225-228, 244-246. If Plaintiff is permitted to introduce the probable cause Determination against the University at trial, it will be unduly prejudicial to Ms. Hogan's right to defend herself against such charges at trial and may require bifurcation of trial as to the claims against each Defendant.

2.  **Motion in Limine re: Evidence of Settlement Negotiations.**

Following the probable cause Determination in 2007, the EEOC required the parties to engage in "conciliation" efforts. This took place in the form of a monetary settlement demand by Plaintiff and a monetary settlement offer by Defendant, which was rejected. Evidence of these negotiations, and communication among representatives of the parties related to potential settlement or conciliation should be excluded. FRE 408 (evidence of settlement negotiations) and FRE 407 (subsequent remedial measures). *See, e.g., EEOC v. Gear Petroleum*, 948 F.2d 1542 (10th Cir., 1991)(properly excluding counsel's letters to the EEOC as part of compromise negotiations); *Mundy v. Household Finance Corp.*, 885 F.2d 542 (9th Cir., 1989)(release agreement offered properly executed in ADEA case). Nor was Defendant Hogan involved in or able to control or direct the "conciliation" negotiations.

DEFENDANTS' MOTIONS IN LIMINE-6
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.   **Motion in Limine re: Subsequent Employee Counseling.**

Plaintiff intends to introduce evidence that employee Rachael Hogan was provided a counseling memo and interview training in 2007, after the EEOC issued a "probable cause" Determination. She was not issued counseling or training following a 2005-2006 investigation by the University Complaint and Resolution Office (UCIRO), which concluded there was no evidence of discrimination by Ms. Hogan. For the reasons stated above for excluding evidence of the EEOC's "Determination," evidence of the counseling memo and training should be excluded. FRE 402, FRE 403.

The fact that Ms. Hogan received counseling and interview training two years after her interview with Mr. Prue is not probative of whether or not Ms. Hogan discriminated against Mr. Prue in 2005; this is the question the jury should decide on the underlying evidence itself. It should also be excluded pursuant to FRE 407, as a subsequent remedial measure. Ms. Hogan's interview technique is the subject of this lawsuit, and providing training to her is a measure that "if taken previously, would have made the injury or harm less likely to occur" (i.e., Plaintiff leaving the interview with perception he did not have the opportunity for an adequate interview). Ms. Hogan is the only Defendant named in Plaintiff's §1983 and §1981 claims, so there is no other basis or need for admitting such evidence as to claims against the employer.

4.   **Motion in Limine re: Evidence of Unrelated Employee Complaints.**

Plaintiff intends to offer as a trial exhibit Defendants' answer to Interrogatory No. 12 regarding a complaint made by Lorease Kendrick against Janelle Brown and Joanne Suffis after Mr. Prue's interactions with UTemps and MEBI in September 2005. However, complaints involving unrelated facts and different employees are irrelevant and prejudicial to individual Defendant Hogan. FRE 402 and 403. Ms. Kendrick alleged that she was not

DEFENDANTS' MOTIONS IN LIMINE-7
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

selected by Janelle Brown and Joanne Suffis for a promotion to Assistant Director in the Health Sciences Human Resources Department. This is an entirely different department than Medical Education (where Rachael Hogan worked and Plaintiff interviewed) and UTemps (where Plaintiff sought temporary work). Ms. Suffis is no longer a party to this lawsuit, and Plaintiff does not allege that <u>she</u> took any discriminatory or retaliatory action against Plaintiff here. *See*, Dkt. No. 37 (Stipulation to Dismiss Suffis).[1]

Additionally, the facts surrounding the promotional decision are not sufficiently similar to be probative of any issue in this case. Ms. Kendrick was among thirty-six candidates and the woman hired for the positon she sought was recommended by two separate interview panels. While Ms. Kendrick is African American, the qualified candidate chosen was also a member of an often-under represented protected class— American Indian/Alaska native.

5. **Motion in Limine re: Questions and Argument About Terms Such as "Implicit Bias."**

Plaintiff asked witnesses during depositions questions about "implicit bias" and whether they "knew what this term meant," then went on to use it wrapped into subsequent questions to her. *See*, Dep. of Rachael Hogan, pp. 31-32 (*i.e.*, asking what steps did she take to protect against her "implicit bias" as a white woman interviewing a black man, Mr. Prue), attached to Dec. Freeman.

There will be no expert testimony produced by Plaintiff to explain what "explicit bias" is supposed to mean, studies or research supporting such a term, or how it could factor into this case. FRE 701, 702, 703. Plaintiff's counsel cannot just espouse his or her

---

[1] Plaintiff had previously alleged that Ms. Suffis failed to adequately respond to an email he sent her (as the Vice President of Human Resources) regarding his interview with Rachael Hogan. Mr. Prue has never met or otherwise interacted with Ms. Suffis and she was not involved in the hiring decisions here.

DEFENDANTS' MOTIONS IN LIMINE-8
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

opinion about such terms, tell the jury what "implicit bias" is supposed to mean, and whether or not it they speculate that "implicit bias" may affect employment actions. Absent evidence that "implicit bias" against Plaintiff's protected age and race classes affected an employment decision at issue in this case, such argument is irrelevant and prejudicial. Plaintiff must prove intentional discrimination to prevail on the legal claims he is pursuing under Title VII, 42 U.S.C. §1983, and RCW Ch. 49.60. FRE 402 and 403.

6. **Motion in Limine re: Questions and General Argument About Terms Such as "Stereotyping."**

In his pretrial statement, Plaintiff's factual contentions state: "In the hiring process for the Administrative Coordinator position, Ms. Hogan twice selected younger White candidates over more qualified, dark-skinned candidates <u>because of her own unlawful stereotypes</u>." (Page 5, emphasis added). Throughout this litigation, Plaintiff's counsel has intimated he intends to argue to the jury that "unlawful stereotypes" affect employment decisions in general, and by implication that Ms. Hogan's decision to recommend a candidate other than Mr. Prue was motivated by "her own unlawful stereotypes."

First, there will be no witness, testimony, or evidence presented at trial by Plaintiff to present evidence, studies, research, or other imperical data regarding "stereotypes" and whether or how individually-held "stereotypes" may affect decision-making, including employment decisions.

Second, there will be no evidence or testimony that Ms. Hogan personally held "unlawful stereotypes" about persons in Mr. Prue's race or age class, or that "unlawful stereotypes" regarding African Americans or persons over forty years of age played any role in any personnel decisions she made at the University.

Finally, liability standards under Title VII, RCW Ch. 49.60 and §1983/Equal

DEFENDANTS' MOTIONS IN LIMINE-9
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Protection all require Plaintiff to prove that Ms. Hogan intentionally discriminated against Mr. Prue because of his race or age. To the extent Plaintiff intends to argue or suggest that Ms. Hogan's decision-making could have been affected by some subconscious stereotyping of which she may not be aware of such arguments would not only be purely speculative but also irrelevant under FRE 402.

7.  **Motion in Limine re: Statements About General EEOC Statistics or Findings.**

During the depositions of Rachael Hogan and Sheryl Vick, counsel asked if they knew how often the EEOC made adverse findings, and went on to make statements such as "would you be surprised to know that only 10% or 1-in-10 of EEOC complaints cases result in adverse findings?" *See*, Dep. of Hogan, pp. 244-245; Dep. of Vick, pp. 66-67 (questions regarding the EEOC's "usual practices" in investigations, attached to Dec. Freeman. Plaintiff has listed no witnesses from the EEOC or an expert to testify at trial regarding such matters, or about the meaning of or basis for the EEOC Determination itself. Counsel should be precluded from simply stating alleged statistics—whether directly or disguised within a question--- as "fact" where there is no other avenue for foundation, admissibility, or relevance. FRE 402, 403.

8.  **Motion in Limine re: Argument Regarding Inability to Understand Discrimination Experienced By Individuals of a Different Race.**

Plaintiff may testify and counsel may argue that individuals of a different race than Plaintiff are incapable of understanding or appreciating the cultural background of discrimination suffered by an African American man, and thus cannot pass judgment on his perceptions or beliefs about discrimination. The jury will be asked to determine whether Defendant Hogan intentionally refused to hire Plaintiff George Prue because of his race; they should not be advised they are incompetent to do so, or be pressed into feeling they

DEFENDANTS' MOTIONS IN LIMINE-10
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

have to find in Plaintiff's favor on a suggestion they are incapable of "understanding" his perceptions based on his personal experiences. That is exactly the type of conclusory testimony excluded in discrimination cases. *Hester v. BIC*, 225 F.3d 178, 184 (2nd Cir. 2000) ("Rule 701 provides assurances against the admission of [lay] opinions which would merely tell the jury what result to reach."). Here the Plaintiff should not be permitted to tell the jury what result to reach.

9. **Motion in Limine re: Unidentified Handwritten Notes.**

According to his pre-trial statement, Plaintiff intends to produce various "handwritten notes produced by the University," despite not knowing who authored the various notes or calling witnesses to authenticate or explain them. During depositions of witnesses Plaintiff chose to depose, various deponents were unable to identify who wrote various notes but confirmed it was not them; Plaintiff chose not to depose additional witnesses. Additionally, several notes reference otherwise inadmissible information such as settlement discussions. Simply disclosing documents and files in discovery does not make them admissible.

DATED this 5th day of January, 2009.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.

s/Jayne L. Freeman
Jayne L. Freeman, WSBA 24318
Special Assistant Attorney General
for Defendants
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Ste. 4141
Seattle, WA 98104
206-623-8861
206-223-9423 Fax
jfreeman@kbmlawyers.com

DEFENDANTS' MOTIONS IN LIMINE-11
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mln Limine.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# DECLARATION OF SERVICE

I hereby certify that on January 5, 2009, I electronically filed Defendants' Motions in Limine, Declaration of Jayne Freeman and Proposed Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Subit
Jillian Cutler
Frank, Freed, Subit & Thomas, LLP
705 2nd Avenue, Ste. 1200
Seattle, WA 98104

s/Valerie Macan
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Ste. 4141
Seattle, WA 98104
206-623-8861
206-223-9423 Fax

DEFENDANTS' MOTIONS IN LIMINE-12
Cause No. C07-1859 RSL
K:\JLF\udub08001\trial docs\p-122408- Mtn Limine.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# Appendix A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle District Office

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6885
TTY (206) 220-6882
FAX (206) 220-6911

MAR 2 6 2007

George Prue
4100 SW Edmunds St. #319
Seattle, WA 98116

**Charge 551-2006-00308**

Charging Party

University of Washington
4311 11th Avenue NE, Suite 630
Seattle, WA 98105

Respondent

## DETERMINATION

Under the authority vested in my by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Age Discrimination in Employment Act of 1967, as amended (ADEA).

All requirements for coverage have been met. Charging Party alleged that the Respondent failed to hire him for a temporary Administrator Coordinator position because of his race, black, and his age, 53.

During the investigation, all relevant available documents were reviewed and witnesses were interviewed. I have considered all the evidence disclosed during the investigation and have determined that there is reasonable cause to believe that the allegations are true.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

If the Respondent declines to discuss settlement, or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's procedural regulations. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission,

A. LUIS LUCERO, Jr.
Director

PRUE - 0009