The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GEORGE PRUE,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

Defendant.

Case No.: C07-1859 RSL

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE

**NOTE DATE: March 13, 2009**

Plaintiff George Prue responds to Defendants' Motions in Limine as follows: Mr. Prue opposes Motions in Limine Nos. 1, 3, 5, 6, 8, and 9. Mr. Prue does not oppose Motions in Limine Nos. 2, 4, and 7.

**1. Motion in Limine re: EEOC Reasonable Cause Determination.**

The law in this Circuit is crystal clear: An EEOC reasonable cause determination is *per se* admissible in a Title VII lawsuit and excluding such determinations is reversible error. *Plummer v. Western Int'l Hotels Co. Inc.*, 656 F.2d 502, 505 (9th Cir. 1981). As the *Plummer* Court recognized, "A civil rights plaintiff has a difficult burden of proof and should not be deprived of what may be persuasive evidence." *Id.* Indeed, the Ninth Circuit has found it to be "a highly



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

probative evaluation of an individual's discrimination complaint." *See id.* (*citing Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066, 1069 (9th Cir. 1978)). The Ninth Circuit has repeatedly reaffirmed *Plummer* and has never wavered from its holding that EEOC reasonable cause determinations are *per se* admissible. *See*, e.g., *Amantea-Cabrera v. Potter*, 279 F.3d 746, 749 (9th Cir. 2002); *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999); *Heyne v. Caruso*, 69 F.3d 1475, 1483 (9th Cir. 1995). Therefore, the law in other circuits is not relevant.

Defendant's argument that the EEOC reasonable cause determination should be excluded under Rule 403 ignores the plain holding of *Plummer*. Because the Ninth Circuit has repeatedly held that a reasonable cause finding is *per se* admissible, engaging in Rule 403 balancing would be improper. Even if the Court were to undertake such a balancing, the Ninth Circuit has specifically concluded that "the probative nature of the EEOC probable cause determination far outweighs the prejudicial effect it may have on a jury." *Heyne*, 69 F.3d at 1483 (citing *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986)). Furthermore, defendant's argument that admitting a reasonable cause finding poses a greater risk of creating unfair prejudice in a trial before a jury rather than a judge (Def. Mot. at 4) was squarely rejected in *Plummer*. *See Plummer*, 656 F.2d at 505 (probable cause determinations *per se* admissible "regardless of . . . whether the case is tried before a judge or jury.")

Finally, defendant's reliance on *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1014-16 (9th Cir. 1999) is misplaced. Def. Mot. at 2-3. In *Beachy*, the Ninth Circuit drew a clear distinction between an EEOC probable cause determination,



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

which is *per se* admissible, and an agency determination of insufficient facts to continue an investigation, which is not *per se* admissible. *Id.* at 1015. In reaching that decision, the *Beachy* Court was swayed by the fact that the determination of insufficient facts is a final agency ruling. "There is a much greater risk of unfair prejudice involved in introducing a final agency ruling as opposed to a probable cause determination, because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results." *Id. See also Gilchrist*, 803 F.2d at 1500 (whereas EEOC determination is *per se* admissible, district court must exercise discretion over admission of EEOC letter of violation because it is a final agency order). In *Beachy*, as in *Gilchrist*, the very fact that a probable cause determination is *not* a conclusive and final finding of discrimination is what limits its prejudice and makes it *per se* admissible. *Cf.* Def. Mot. at 5 (arguing that the EEOC probable cause determination is "irrelevant" because it "says no more than discrimination *could have* occurred.") (emphasis in original). The Ninth Circuit has unequivocally held that EEOC reasonable cause determinations are *per se* admissible and this Court is bound by that precedent. Defendant's motion to exclude the EEOC's reasonable cause determination should be denied.

**2. Motion in Limine re: Evidence of Settlement Negotiations.**

Mr. Prue has no intention of introducing evidence of the parties' settlement negotiations or conciliation efforts. Therefore, he does not oppose defendant's motion in limine regarding these matters.



FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

**3. Motion in Limine re: Hogan Counseling and Training.**

In September 2005 Mr. Prue filed an internal discrimination complaint with the University. The University investigated. In January 2006, the University found no evidence of discrimination. No disciplinary action was taken against Ms. Hogan at that time and she was not given any training regarding proper interviewing practices. Mr. Prue filed a race and age discrimination charge with the EEOC on March 21, 2006. On March 26, 2007, the EEOC found reasonable cause that the University had discriminated against Mr. Prue based on his race and age.

In May 2007, the University disciplined Ms. Hogan by formally counseling her for "fail[ing] to use good judgment and follow University practice in using consistent interviewing techniques for all applicants during the interview process." The University claims that the Court should exclude this counseling under Fed. R. Evid. 407. That rule of evidence provides that "subsequent remedial measures" are not admissible to prove "negligence, culpable conduct, a defect in a product's design or a need for a warning or an instruction." The "rule does not require exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." *Id.*

The University has not cited a single case where a court has excluded under Fed. R. Evid. 407 workplace counseling issued to an employee for violating an employer's policies. By definition, such discipline is not a measure that if taken previously would have made the harm or injury less likely to occur. Discipline for the violation of a workplace policy can only be imposed *after* the employee has



FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

committed an infraction. No employer disciplines an employee in advance of her violation of a workplace rule as a means of preventing the infraction from occurring in the first place. It makes no sense to speak of the discipline that the University issued to Ms. Hogan in May 2007 for the way she conducted Mr. Prue's September 2005 interview as a measure that, if taken prior to the interview, would have made the harm to Mr. Prue less likely to occur. Therefore, Rule 407 has no application to the employee counseling issued to Ms. Hogan.

Furthermore, nothing in Rule 407 prevents the jury from learning that the University refused to discipline Ms. Hogan based upon its own investigation into Mr. Prue's discrimination complaint and that it did not do so until the EEOC found reasonable cause to believe discrimination had occurred. Rule 407 does not require exclusion of subsequent measures admitted for a purpose other than proof of negligence or culpable conduct. The University took disciplinary action against Ms. Hogan only because of the EEOC's reasonable cause finding against it. *See* Deposition of Sheryl Vick (Sep. 5, 2008), at 75:17-76:24, Attachment A. Even then, Ms. Hogan's supervisor (Ms. Vick) and Ms. Hogan's Department Chair both objected to the severity of the discipline, but were overruled by University Human Resources. *Id.* at 82:3-83:24. The University refused to take any action against Ms. Hogan until the EEOC forced its hand. The University was willing to tolerate Ms. Hogan's violation of its own interviewing practices until it was faced with EEOC sanctions. The purpose of Rule 407 is to remove a potential disincentive to the taking of *voluntary* remedial measures. That policy would not be served here as the



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

University's May 2007 decision to discipline Ms. Hogan for her actions in September 2005 was anything but voluntary.

The EEOC's reasonable cause finding not only caused the University to discipline Ms. Hogan but also to enroll her in an interview training course. *See* Vick Dep. 76:25-77:5. It is undisputed that Ms. Hogan had received no interview training prior to her September 2005 interview with Mr. Prue. The fact that the University provided Ms. Hogan with formal interview training in response to the EEOC's reasonable cause finding shows that it could have done so before she was charged with interviewing candidates for the Administrative Coordinator position. *Id.* In other words, Ms. Hogan's subsequent interview training shows it would have been just as feasible for the University to train Ms. Hogan how to conduct interviews in the first place. Evidence admitted for this purpose is permitted by Fed. R. Evid. 407.

Finally, defendant's claim that there is "no basis or need" for admitting evidence of Ms. Hogan's discipline and training as to Mr. Prue's claims against the University is entirely without merit. The evidence is clearly relevant to Mr. Prue's discrimination claims. The discipline the University issued to Ms. Hogan amounts to a factual admission that she failed to use consistent interview practices when she interviewed Mr. Prue. Both the nature of the discipline and its belated issuance are relevant to Mr. Prue's claims that Ms. Hogan treated Mr. Prue differently than other candidates for the Administrative Coordinator position due to his race and/or age. The evidence is not unfairly prejudicial. Therefore, defendant's motion in limine re: subsequent employee counseling should be denied.



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

**4. Motion in Limine re: Evidence of Unrelated Employee Complaints.**

Mr. Prue has decided to withdraw Defendants' Response to Interrogatory No. 12 as a trial exhibit and therefore does not oppose the University's motion in limine regarding evidence of Lorease Kendrick's discrimination complaint.

**5. & 6. Motions in Limine re: Questions and Argument about Terms Such as "Implicit Bias" and "Stereotyping."**

The University's attempt to prohibit Mr. Prue from presenting any arguments regarding hidden bias or unlawful stereotyping is entirely without merit. Defendant suggests that because Mr. Prue is required to prove intentional discrimination any evidence or arguments about stereotyping or hidden biases are irrelevant. *See* Def. Mot. at 9-10. That position profoundly misconstrues the law. Nearly 20 years ago, the U.S. Supreme Court recognized that an employment decision affected by stereotypes constitutes unlawful, *intentional* discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989). The Court made it clear that an employer who acts on the basis of sex stereotyping "has acted on the basis of gender." *Id.* at 250. *See also Lindahl v. Air France*, 930 F.2d 1434, 1439 (9th Cir. 1991) (sex stereotyping is evidence of intentional sex discrimination).

As in *Price Waterhouse*, the University has placed all references to stereotypes in quotation marks. The Supreme Court noted that practice "seems to us an insinuation either that such stereotyping was not present in this case or that it lacks legal relevance. We reject both possibilities. . . . [W]e are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group. . . . " *Price Waterhouse*, 490 U.S. at 250-



FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

51. The same is true of employment decisions based on racial or ageist stereotypes. *See Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1196 (9th Cir. 2003); *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 819 (9th Cir. 2002). *Accord Batson v. Kentucky*, 476 U.S. 79, 97 (1986) (Equal Protection Clause forbids prosecutors to challenge potential jurors based on "assumptions" or "intuitive judgments").

To prove intentional discrimination, Mr. Prue need not show that the Ms. Hogan or the University held any racial or ageist animus, hostility, or malice. *See Price Waterhouse v. Hopkins*, 490 U.S. at 251; *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 668-669 (1987); *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1283-1284 (11th Cir. 2000). A finding of discrimination in this case simply requires a finding that Mr. Prue was treated differently than other applicants for the Administrative Coordinator position because of his race and/or age.

The Eleventh Circuit's decision in *E.E.O.C. v. Joe's Stone Crab, Inc.* is particularly instructive. In that case, the EEOC brought a Title VII action against a restaurant with a practice of primarily hiring males for food service positions because it wanted to create an ambiance of "Old World fine-dining." The Court held, "Title VII prohibits 'the entire spectrum of disparate treatment of men and women resulting from sex stereotypes,' even where the stereotypes are benign or not grounded in group animus." *Id.* at 1284 (quoting *Los Angeles Dept. of Water & Power v. Manhart*, 435 U.S. 702, 708 n. 13 (1978)). Indeed, the Court specifically found that if the restaurant did make employment decisions based on stereotypes it "could be found liable under Title VII for intentional discrimination *regardless of*



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



*whether it was also motivated by ill-will or malice toward women.*" *Id.* (emphasis supplied). That is and remains the law.

The University is simply wrong that "there will be no evidence or testimony that Ms. Hogan personally held 'unlawful stereotypes' about persons in Mr. Prue's race or age class" or that hidden biases played any role in any decision she made at the University. Def. Mot. at 9. The basic thrust of Mr. Prue's allegations relating to Ms. Hogan is that she failed to consider him for the Administrative Coordinator position because of her biases in favor of hiring candidates of her own ethnic background and age regardless of their qualifications. During her deposition, Ms. Hogan testified that she "absolutely" believed that people have hidden biases toward a race or age that they are not aware of. *See* Deposition of Rachael Hogan (Sep. 9, 2008), at 32:14-16, Attachment B.

She also admitted that she took no particular steps to prevent biases and stereotypes from influencing her evaluation of the candidates she interviewed. Hogan Dep. at 84:13-21.

Finally, Mr. Prue is not required to present expert testimony to explain the concepts of bias or stereotyping to the jury. The University has not cited a single case imposing such a requirement. *See* Def. Mot. at 8-9. Indeed, none of the plaintiffs in *Raad, Kang, Lindahl*, or *Joe's Stone Crab* presented expert testimony regarding bias or stereotyping. Because it is well-established that an employment decision affected by stereotypes or bias constitutes unlawful, *intentional* discrimination and expert testimony is not required to present evidence of bias or stereotyping to a jury, defendant's motions in limine 5 & 6 should be denied.



FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

**7. Motion in Limine re: Statements about General EEO Statistics of Findings.**

Mr. Prue does not intend to introduce evidence or statements regarding general EEOC statistics or the prevalence of adverse findings. He does not oppose defendant's motion in limine regarding this evidence.

**8. Motion in Limine re: Argument Regarding Inability to Understand Discrimination Experienced by Individuals of a Different Race.**

Mr. Prue is unclear about what evidence or arguments the University is seeking to exclude in this motion in limine. However, Mr. Prue and his counsel reserve the right to present evidence and arguments to the jury regarding his experiences and perceptions of discrimination as a 55-year-old African-American man. Such testimony is well within the scope of Fed. R. Evid. 701. Federal courts routinely recognize that an individual's gender, race, or other personal characteristics affects their perceptions of and responses to discrimination. For example, in evaluating sex and race harassment claims, courts consider how a "reasonable woman" or "reasonable person of the same race" would respond to the harassment. *See, e.g.*, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008); *Nichols v. Frank*, 42 F.3d 503, 511-12 (9th Cir. 1994) (overruled on other grounds) (*see Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955-56 (9th Cir. 1999)); *Gilbert v. Philadelphia Media Holdings LLC*, 564 F. Supp. 2d 429, 439-40 (E.D. Pa. 2008). Defendant's motion in limine should be denied.

**9. Motion in Limine re: Unidentified Handwritten Notes.**

During discovery the University produced three pages of handwritten notes dated February 14, 2007, April 13, 2007, and April 25, 2007. The notes reference



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



the University's response to the EEOC's reasonable cause determination and the possibility of disciplining Ms. Hogan. Mr. Prue has listed these notes on his exhibit list. One of the witnesses at trial may well be able to authenticate and testify concerning the notes. If they are properly authenticated, the notes are admissible and should be admitted.

The notes refer to "update re: conciliation." As stated above, Mr. Prue does not intend to introduce evidence of the parties' settlement negotiations or conciliation efforts. Therefore, he would be willing to redact any references in the notes to the EEOC conciliation process.

RESPECTFULLY SUBMITTED this 9th day of March, 2009.

FRANK FREED SUBIT & THOMAS LLP

By:______________________________
Michael C. Subit, WSBA #29189
Jillian M. Cutler, WSBA #39305
Attorneys for Plaintiff George Prue

R:\N-R\Prue, George\Trial\3.2.09 Opp to Defs' Motions in Limine.doc



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2009, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jayne L. Freeman
Keating Bucklin & McCormack, Inc. PS
800 Fifth Ave., Suite 4141
Seattle, WA 98104
Email: jfreeman@kbmlawyers.com

Dated: March 9, 2009

/s/ Jill Potter
JILL POTTER



FRANK FREED SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711