UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE PRUE,

  Plaintiff,

  v.

UNIVERSITY OF WASHINGTON, *et al.*,

  Defendants.

Case No. C07-1859RSL

ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* AND GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE*

  This matter comes before the Court on the parties' motions *in limine*. Plaintiff seeks an order finding admissible the Equal Employment Opportunity Commission's notes from interviews with Aaron Hinkhouse and former defendant Rachael Hogan.[1] Defendant seeks an order excluding several categories of evidence. Plaintiff does not object to excluding certain evidence, including: (1) evidence of the parties' settlement negotiations, (2) evidence of unrelated employee complaints, and (3) evidence or statements regarding general EEOC statistics or the prevalence of adverse findings. The

---

[1] The Court dismissed plaintiff's claims against Hogan on February 6, 2009. Plaintiff has not named Hinkhouse as a defendant.

ORDER REGARDING
MOTIONS *IN LIMINE* - 1

Court will exclude that evidence and focus on the matters that are disputed.

**A.     EEOC Reasonable Cause Determination and Interview Notes.**

Defendant seeks to exclude the EEOC's letter stating that it had "determined there is reasonable cause to believe that the allegations are true." Defendants' Motion, Ex. A. However, in the Ninth Circuit, an EEOC reasonable cause determination is *per se* admissible in a Title VII lawsuit. See, e.g., Plummer v. Western Int'l Hotels Co., Inc., 656 F.2d 502, 505 (9th Cir. 1981). Accordingly, defendants' request to exclude the determination is denied.

Plaintiff also seeks to admit the EEOC investigator's notes from interviews with Hogan and University employee Aaron Hinkhouse. The investigator, Kari Thompson, interviewed both employees by telephone on August 15, 2006 and conducted a follow-up telephone interview with Hogan the following day. Thompson typed her notes and signed them.

Plaintiff concedes that the notes are hearsay. They are offered for the truth of the matter asserted. Plaintiff contends that the notes are nevertheless admissible under Federal Rule of Evidence 803(8)(B), which creates an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report." If the notes are admissible on that basis, then plaintiff contends that the statements therein are not hearsay because they are non-party admissions under Rule 801(d)(2)(D). As for the first contention, the Court finds that the public records exception does not apply in this case. Plaintiff argues that the notes "record what Ms. Hogan and Mr. Hinkhouse said to Ms. Thompson during their interviews with her." Plaintiff's Reply at p. 4. However, Ms. Thompson is not a court

1 reporter, and she did not attempt to make a transcript of the telephone interviews. The
2 majority of the contents of the notes is a summary, not actual quotations from the
3 interviewees. Nor do the notes contain only factual statements about what Thompson
4 observed. Rather, they contain her summary of what the witnesses said to her and her
5 impressions of their statements. See Declaration of Jillian Cutler, (Dkt. #57), Ex. A
6 (Notes at PRUE 0083 ("WT is vague as to how she got the impression that he wanted a
7 job that helped people")); see also Hogan Dep. at p. 206 (explaining that the notes
8 reflected "[Thompson's] words"). Plaintiff has not cited any cases in which the EEOC's
9 interview notes were admitted. Therefore, the notes are not admissible pursuant to the
10 public records exception.

11 Plaintiff also contends that the records are admissible under the residual hearsay
12 exception. Federal Rule of Evidence 807 states that some hearsay statements may be
13 admissible if (1) the statement if offered as evidence of a material fact, (2) the statement
14 is more probative on the point for which it is offered than any other evidence which the
15 proponent can procure through reasonable efforts, and (3) the general purposes of the
16 evidence rules and the interests of justice will be best served by admission of the
17 statement. The second and third requirements are not met in this case. Plaintiff argues
18 that the notes are more probative than other evidence of the witnesses' pre-litigation
19 statements, but both witnesses made other pre-litigation statements that do not suffer from
20 the problems the notes present. In fact, the EEOC interviews occurred one year after
21 plaintiff's non-selection for the position, so they do not reflect the witnesses'
22 contemporaneous memory of the events. In addition, both witnesses will testify at trial.
23 Their live testimony, under oath, will be more probative than a third party's summary of
24 their telephone interviews. Moreover, the witnesses found that the notes in some respects

did not accurately reflect what they told the investigator. Because the EEOC intends to quash any trial subpoena that might issue, Thompson will not be available to testify at trial about the accuracy of the notes. Under these circumstances, the notes are not sufficiently reliable or probative to justify their admissibility under the residual exception.

For all of these reasons, plaintiff's motion to admit the notes is denied.

**B.  Hogan Discipline and Training.**

Defendants seek to exclude evidence that Hogan was given formal counseling and interview training after the EEOC issued its probable cause determination. Defendants contend that the actions should be excluded as a subsequent remedial measure. Evidence Rule 407 states that if measures are taken after an event "that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent remedial measures is not admissible to prove . . . culpable conduct."

Plaintiff argues that employee discipline cannot make misconduct less likely to occur because discipline can only be imposed after the misconduct has already occurred. In this instance, the focus of the action was to train Hogan on proper interview techniques, a remedial purpose. In fact, plaintiff specifically contends that if the University had trained Hogan sooner, plaintiff's experience could have been avoided. Plaintiff also concedes that he seeks to offer the evidence to show that Hogan "failed to use consistent interview practices when she interviewed Mr. Prue," a key issue in this case. Plaintiff's Opposition at p. 6. Plaintiff therefore seeks to introduce the evidence to prove culpable conduct. Although plaintiff argues that defendants were required to take action after the EEOC determination, the record does not support their assertion. Finally, plaintiff argues that the subsequent training shows that the University could have conducted the training before the interviews occurred. Defendants, however, are not

ORDER REGARDING
MOTIONS *IN LIMINE* - 4

disputing that proposition.

Even if the formal counseling were viewed solely as discipline rather than a remedial measure, it would be excluded under Federal Rule of Evidence 403. The fact that the University imposed counseling and training two years after the alleged discrimination, and only after the EEOC issued its determination, is not probative of whether Hogan actually discriminated against plaintiff. Admitting the evidence could prejudice defendants by improperly leading the jury to conclude that by disciplining Hogan, the University was admitting that she violated the law. Accordingly, evidence regarding the University's subsequent counseling and training of Hogan is excluded.

**C.     Questions and Argument About "Implicit Bias" and "Stereotyping."**

Defendants seek to exclude testimony and questions about "implicit bias" and "stereotyping." Plaintiff's counsel asked defendants' witnesses questions about those topics during their depositions. Defendants contend that there will be no expert testimony to explain what "implicit bias" means. However, the term "bias" and the issue of stereotyping are within the understanding of a typical juror. If the witnesses questioned about the topics do not understand the terms, they can so state. Accordingly, using the terms will not unduly confuse the jury.

Moreover, as is the case in many employment discrimination cases, plaintiff lacks direct evidence of discrimination. As a result, he has to prove his case with circumstantial evidence and inferences. Precluding him from using terms like "bias" and "stereotyping" would unfairly limit his ability to prove his case. Finally, although defendants argue that plaintiff has not shown that stereotyping played a role in this case, they can make that argument to the jury. The Court will not exclude questions and testimony using those terms.

1  **D.  Argument Regarding Inability to Understand Discrimination Experienced by
2     Individuals of a Different Race.**

3  Defendants argue that plaintiff should be precluded from testifying about or having
4  his counsel argue that "individuals of a different race than Plaintiff are incapable of
5  understanding or appreciating the cultural background of discrimination suffered by an
6  African American man." Defendants' Motion at p. 10. It does not appear that plaintiff or
7  his counsel plan to do so. Furthermore, unlike the case on which defendants rely, plaintiff
8  is not planning to present testimony from other lay witnesses about their opinion of
9  whether discrimination occurred. Id. at p. 11 (citing Hester v. BIC, 225 F.3d 178, 184 (2d
10 Cir. 2000)). Rather, plaintiff "reserve[s] the right to present evidence and arguments to
11 the jury regarding his experiences and perceptions of discrimination as a 55-year-old
12 African-American man." Plaintiff's Reply at p. 10. Plaintiff can testify about his own
13 experiences and perceptions under Federal Rule of Evidence 701, so the Court will not
14 preclude that testimony. Nor will the Court preclude him from explaining why he
15 believed that defendants discriminated against him.

16 **E.  Handwritten Notes.**

17 During discovery, the University produced three pages of handwritten notes from
18 2007 that reference its response to the EEOC's reasonable cause determination and the
19 possibility of disciplining Hogan. Plaintiff does not dispute that the notes can be admitted
20 only if a witness properly authenticates them. Otherwise, the notes cannot be read into
21 the record, admitted, or referenced.

22 For all of the foregoing reasons, plaintiff's motion *in limine* (Dkt. #56) is DENIED
23 and defendants' motion *in limine* (Dkt. #54) is GRANTED IN PART AND DENIED IN

PART as set forth above.[2]

DATED this 29th day of April, 2009.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER REGARDING
MOTIONS *IN LIMINE* - 7