The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE PRUE,

        Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,

        Defendant.

Case No.: C07-1859 RSL

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS

Respectfully submitted this 27th day of May, 2009.

FRANK FREED SUBIT & THOMAS, LLP

By: _____
Michael C. Subit, WSBA # 29189
Jillian M. Cutler, WSBA #39305
Attorneys for Plaintiff George Prue

KEATING BUCKLIN & McCORMACK, INC, PS

By: _____
Jayne L. Freeman, WSBA # 24318
Attorneys for Defendant Univ. of Washington

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - i
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

**TABLE OF CONTENTS**

| No. | Title | Source | Page # | Party |
|-----|-------|--------|--------|-------|
| 1 | Pretext | *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 281 (3d Cir. 1998). | 1 | Pltf |
| | | *Townshend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232 (10th Cir. 2002). | | |
| | | *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000). | | |
| | | *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). | | |
| | | *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) | | |
| 2 | Unlawful Stereotyping | *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) | 2-3 | Pltf |
| | | *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) | | |
| | | *Raad v. Fairbanks North Star Borough*, 323 F.3d 1185 (9th Cir. 2003) | | |
| | | *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263 (11th Cir. 2000) | | |
| | | *Kang v. U. Lim America, Inc.*, 296 F.3d 810 (9th Cir. 2002) | | |
| 3 | Mitigation | Ninth Circuit Model Civil Jury Instruction (2007) 5.3 | 4 | Def |

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

| No. | Title | Source | Page # | Party |
|---|---|---|---|---|
| 4 | Egg-Shell Plaintiff | Washington Pattern Jury Instructions Civil (WPI) 30.18.01 | 5 | Pltf |
| 5 | Age Discrimination – Damages – Back Pay – Mitigation | 9th Cir. Model Instruction 11.7A | 6-7 | Def |
| 6 | Damages – Mitigation – Avoidable Consequences | WPI 33.02 (5th ed.) | 8-9 | Def |
| 7 | Disparate Treatment – "Motivating Factor" – Elements and Burdens of Proof | 9th Cir. Model Instruction 10.1C | 10-11 | Pltf |
| 8 | Age Discrimination – Damages – Willful Discrimination – Liquidated Damages | 9th Cir. Model Jury Instruction 11.7B | 12 | Pltf |
| 9 | Proximate Cause – Definition | WPI 15.01; *Washington Practice: Civil Jury Instruction Handbook*, §9.4 (p.526) and §9.5 (p.538) (2008-2009) | 13 | Def |
| 10 | Reasonable Cause - Definition | *In re Napster, Inc., Copyright Litigation*, 479 F.3d 1078, 1094 (9th Cir. 2007) (quoting *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir.1996) (explicating also *In re Grand Jury Proceedings*, 87 F.3d 377, 380 (9th Cir.1996) | 14 | Def |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - iii
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



| No. | Title | Source | Page # | Party |
|-----|-------|--------|--------|-------|
| 11 | EEOC Determination - Effect | *Goldsmith v. Bagby Elevator*, 513 F.3d 1261, 1288-89 (11th Cir. 2008). | 15 | Def |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - iv
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711



1

## DISPUTED JURY INSTRUCTION NO. 1

2

3

## PRETEXT

4

### (Plaintiff's Proposed)

5

6 If you find that defendant's asserted reasons for its actions are unworthy of belief, then you may, but are not required to, infer that defendant acted on the basis of unlawful discrimination.

7

8 Source: *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 281 (3d Cir. 1998).

9 *Townshend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232 (10th Cir. 2002).
*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000).

10 *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981).
*St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502 (1993).

11

12 Both *Burdine* and *Reeves* expressly hold that a plaintiff may prove that defendant's articulated reason for its actions is a pretext for discrimination by

13 showing the defendant's proffered explanation is "unworthy of belief." *Burdine*, 450

14 U.S. at 256; *Reeves*, 530 U.S. at 143, 146-47, *Hicks*, 509 U.S. at 511. The term is not a comment on the evidence but the established legal standard in this area of the law

15 for over 20 years. Without this instruction, a jury will not be aware of this principle, which is the crux of the Supreme Court's decisions in *Burdine*, *Hick*s, and *Reeves*. It

16 is not covered in the general witness credibility or circumstantial evidence

17 instructions. The defendant has cited no case holding that plaintiff's proposed pretext instruction is improper. The Ninth Circuit's recent decision in *Browning v.*

18 *United States of America,* No. 07-35557 (9th Cir. May 22, 2009*)* stands for the

19 limited proposition that *failing* to give a pretext instruction is not reversible error. It does not hold that a pretext instruction should not be given.

20

21 ### (Defendant's Proposed)
*Defendant Proposes No Instruction Be Given*

22 *Browning v. United States of America,* No. 07-35557 (9th Cir. May 22, 2009)*;*

23 *Cassino v. Reichold Chemicals,* Inc. 817 F.2d 1338 (9th Cir. 1987) (both affirming trial court's refusal to give such instruction); *Reeves v. Sanderson Plumbing Prods.,*

24 *Inc.*, 530 U.S. 133, 147 (2000)(Title VII) and *Hill v. BCTI-Income Fund*, 144 Wn.2d 172 (2001)(RCW 49.60)(recognizing potential "pretext" as getting case to the jury

25 under McDonnell-Douglas burden-shifting mechanism for summary

26 judgment/directed verdict, but also must prove true motive is discrimination). Jury instructions on elements, witness credibility, direct/circumstantial evidence allow

27 Plaintiff to argue his theories.

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 1
C07-1859 RSL



## DISPUTED JURY INSTRUCTION NO. 2

### UNLAWFUL STEREOTYPING

### (Plaintiff's Proposed)

A plaintiff need not prove hostility or malice to establish intentional discrimination.

An employment action based on a racial and/or ageist stereotype is an act of intentional discrimination.

Source: *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)
   *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987)
   *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185 (9th Cir. 2003)
   *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263 (11th Cir. 2000)
   *Kang v. U. Lim America, Inc.*, 296 F.3d 810 (9th Cir. 2002)

   Twenty years ago the U.S. Supreme Court recognized that an employment decision affected by stereotypes constitutes unlawful, intentional discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989). The Court made it clear that an employer who acts on the basis of sex stereotyping "has acted on the basis of gender." *Id.* at 250. "[W]e are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group. . . . " *Id.* at 250-51. The same is true of employment decisions based on racial or ageist stereotypes. *See Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1196 (9th Cir. 2003); *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 819 (9th Cir. 2002).

   A finding of disparate treatment simply requires a finding that Mr. Prue was intentionally treated differently on account of his race or age. In *Joe's Stone Crab, Inc.*, 220 F.3d 1263 (11th Cir. 2000), the Eleventh Circuit held, "Title VII prohibits 'the entire spectrum of disparate treatment of men and women resulting from sex stereotypes,' even where the stereotypes are benign or not grounded in group animus." *Id.* at 1284 (internal citations omitted). Indeed, the Eleventh Circuit specifically held that if the restaurant made employment decisions based on stereotypes it "could be found liable under Title VII for intentional discrimination regardless of whether it was also motivated by ill-will or malice toward women." *Id.* That is and remains the law.

   Plaintiff's proposed stereotyping instruction is necessary to avoid confusion among the jurors about what constitutes "intentional discrimination" when employment decisions are based on biases and stereotypes.

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 2
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**(Defendant's Proposed)**

Defendant Proposes No Instruction Be Given

The evidence at trial will not support giving this instruction. Compare, *Price Waterhouse*, *Raad*, and *Joe's Stone Crab* cases involve discussions of whether evidence is sufficient to raise a question of fact and send the discrimination question to the jury, not giving instruction on it. *See, e.g. Joe's Stone Crab* (court still holds finding of disparate treatment requires finding that women were *intentionally treated differently* by Joe's because of or on account of their gender); on *Raad(*summary judgment case explaining the *McDonnell-Douglas* burden-shifting mechanism; it does not even reference hostility or malice); *see also, Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). The court has already ruled that terms such as "bias" and "stereotyping" are within the understanding of a typical juror. See, Doc. No. 77, p.5. Jury instructions on elements, witness credibility, direct/circumstantial evidence allow Plaintiff to argue his theories.

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711


1

## DISPUTED JURY INSTRUCTION NO. 3

2

3

### MITIGATION

4

#### (Defendant's Proposed)

5

6
   Plaintiff George Prue has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

7
   The Defendants have the burden of proving by a preponderance of the evidence:

8

9
   1. That Plaintiff George Prue failed to use reasonable efforts to mitigate damages; and

10
   2. The amount by which damages would have been mitigated.

11

12
Source:   *Ninth Circuit Model Civil Jury Instruction 5.3.   The joint mitigation instructions only refer to mitigation of wage loss/backpay..  Plaintiff is also seeking general compensatory damages under state and federal law, and has a duty to mitigate those damages as well.*

13

14

15

#### (Plaintiff's Proposed)

16

Plaintiff Proposes No Instruction Be Given

17

18
   Defendant's proposed instruction is duplicative.  The parties have submitted two joint proposed instructions that address (1) plaintiff's duty to mitigate his damages and (2) the effect of interim earnings on any back pay award.  *See* Joint Proposed Instruction Nos. 26 & 27.   Providing the jury additional mitigation instructions is unnecessary and will only confuse the jurors.

19

20

21

22

23

24

25

26

27

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

## DISPUTED JURY INSTRUCTION NO. 4

2

3

## EGG-SHELL PLAINTIFF

4

### (Plaintiff's Proposed)

5

If your verdict is for Mr. Prue, and if you find that:

6

    (1)    before defendant's unlawful conduct Mr. Prue had a mental condition that was not causing pain or disability; and

7

    (2)    the condition made Mr. Prue more susceptible to injury than a person in normal health,

8

9

then you should consider all the injuries and damages that were proximately caused by defendant's unlawful conduct, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition.

10

11

12

Source: WPI 30.18.01

13

14

    Plaintiff's proposed instruction is needed due to the anticipated testimony of defendant's expert, John E. Hamm, M.D. In his Rule 26(a)(2)(B) report, Dr. Hamm opined that Mr. Prue has a pre-existing "personality disorder, not otherwise specified" and may have a pre-existing "chronic psychotic disorder." If the jury accepts Dr. Hamm's opinion, it will be up to the jurors to determine whether defendant's unlawful actions caused injury to a pre-existing condition, which was not already causing plaintiff pain or disability, but that made him more susceptible to injury.

15

16

17

18

19

20

### (Defendant's Proposed)

21

Defendant Proposes No Instruction Be Given

22

The evidence will not support giving this instruction; it does not apply.

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 5
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

# DISPUTED INSTRUCTION NO. 5

## AGE DISCRIMINATION—DAMAGES—BACK PAY—MITIGATION

### (Defendant's Proposed)

If you find for the plaintiff on the plaintiff's age discrimination claim, you must determine the plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any loss of pay you find was caused by the discriminatory act of the defendant. You may award the following:

1.      Back Pay:

     a.      Award: Back pay includes any lost pay the plaintiff would have received from the date the defendant failed to hire the plaintiff to the date of trial. The plaintiff has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

     b. Mitigation of Back Pay Award: The plaintiff has a duty to undertake reasonable measures to minimize his damages and the defendant is not required to compensate the plaintiff for avoidable damages. Thus, your award of back pay should be reduced by the amount of damages that the plaintiff actually avoided, or could have avoided, if he had made reasonable efforts. The defendant has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should reduced.

     Therefore:

I.      You must deduct any wages or other earnings that the defendant proved that the plaintiff received from other employment from the date the defendant failed to hire the plaintiff to the date of trial.

[II.]   If the defendant proves by a preponderance of the evidence either:

     (A) that plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to plaintiff, or
     (B) that plaintiff failed to make reasonable efforts to find such new job;

     you must subtract from the back pay award the amount of money you find that plaintiff could have earned from the time the plaintiff could have obtained such new job had he made reasonable efforts to find such new job to the date of trial.

Source: 9th Cir. Model Instruction 11.7A. Defendant may withdraw this instruction in light of others given

---

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

**(Plaintiff's Proposed)**

2

Plaintiff Proposes No Instruction Be Given

3

4

5

6

    Defendant's proposed instruction is duplicative.  The parties have submitted two joint proposed instructions that address (1) plaintiff's duty to mitigate his damages and (2) the effect of interim earnings on any back pay award.  *See* Joint Proposed Instruction Nos. 26 & 27.    Providing the jury additional mitigation instructions is unnecessary and will only confuse the jurors.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 7
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

## DISPUTED INSTRUCTION NO. 6

2

3

### Damages—Mitigation—Avoidable Consequences
### (Defendant's Proposed)

4

5

### Avoidable Consequences—Failure to Secure Treatment

6

A person who is liable for an injury to another is not liable for any damages arising
after the original injury that are proximately caused by failure of the injured person
to exercise ordinary care to avoid or minimize such new or increased damages.

7

8

In determining whether, in the exercise of ordinary care, a person should have
secured or submitted to medical treatment, as contended by Defendant you may
consider the nature of the treatment, the probability of success of such treatment, the
risk involved in such treatment and all of the surrounding circumstances.

9

10

11

The defendant has the burden to prove plaintiff's failure to exercise ordinary care and
the amount of damages, if any, that would have been minimized or avoided.

12

13

*Source: Wash. Pattern Jury Instr. Civ. (WPI) 33.02 (5th ed.). The joint mitigation
instructions only refer to mitigation of wage loss. Plaintiff is also seeking general
compensatory damages under state and federal law, and has a duty to mitigate those
damages as well. Plaintiff suggests using state law principle to expand potential
"general damages" (i.e. "egg-shell plaintiff" disputed inst. No. 4), yet eschews
corresponding state law principles placing limits on the same general damages.*

14

15

16

17

Whether or not reasonable care requires an injured person to submit to the
treatment is a jury question. *Martin v. Foss Launch & Tug Co.*, 59 Wn.2d 302, 367
P.2d 981 (1962). The principles relating to the duty of an injured person in the
securing of treatment are considered in *Dahl v. Wagner*, 87 Wash. 492, 151 P. 1079
(1915); *Hoseth v. Preston Mill Co.*, 49 Wash. 682, 96 P. 423 (1908); and *Rowe v.
Whatcom County Ry. & Light Co.*, 44 Wash. 658, 87 P. 921 (1906). *See also, Cox v.
Keg Restaurants, Inc.*, 86 Wn.App. 239, 935 P.2d 1377 (1997).

18

19

20

21

Evidence at trial will show that Mr. Prue did not just fail to seek "mental health
counseling," but that he did not exercise ordinary care in obtaining simple medical
treatment/prescriptions from his own treating M.D., which ultimately alleviated
reported symptoms almost immediately.

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 8
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

**(Plaintiff's Proposed)**

Plaintiff Proposes No Instruction Be Given

Defendant has not cited a single case in either federal or state court establishing that a plaintiff in a discrimination case has a duty to mitigate his emotional distress damages or seek mental health counseling. Defendant relies instead on a series of personal injury cases involving the plaintiff's care or lack of care in seeking medical treatment. These cases are far removed from the employment discrimination context and the present case. The Court should not take the unprecedented step of instructing the jury that it may reduce a plaintiff's emotional distress damages if it determines that he failed to exercise "ordinary care" in seeking mental health treatment.

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

**DISPUTED INSTRUCTION NO. 7**


**DISPARATE TREATMENT – "MOTIVATING FACTOR" –
ELEMENTS AND BURDENS OF PROOF**

**(Plaintiff's Proposed)**

As to Mr. Prue's federal claim that his race was a motivating factor for the University's failure to hire him as Administrative Coordinator and referral of him only to manual labor positions, he has the burden of proving both of the following elements by a preponderance of the evidence:

      1.     Mr. Prue was not hired as Administrative Coordinator by the University or was referred only to manual labor positions; and

      2.     Mr. Prue's race was a motivating factor in the University's failure to hire Mr. Prue for the Administrative Coordinator position or its referral of him only to manual labor positions.

If you find that Mr. Prue has proved both of these elements, your verdict should be for Mr. Prue on this claim. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the University on this claim.

Source: 9th Cir. Model Jury Instruction 10.1C

     Defendant has included an instruction on the "same action" defense. This is an affirmative defense that the University has waived. Defendant did not raise the "same action" defense in its answer, in discovery, at summary judgment, in timely proposed jury instructions, in the pretrial order, or at the pretrial conference.

     Under Local Rule 16(i)(2), the defendant was required to state "[w]hich affirmative defenses and/or claims for relief defendant intends to pursue at trial." *See also Sram Corp. v. Shimano, Inc.*, 25 Fed. Appx. 626, 629 (9th Cir. 2002) (affirmative defense is waived where defendant fails to raise it in a pretrial order or prior to trial). The University did not assert the same action defense, or any other affirmative defenses, in the pretrial order. Nor did defendant raise the same action defense in timely proposed jury instructions. Local Rule 51 requires the defendant to submit proposed instructions "on any issue on which plaintiff bears the burden of proof" to plaintiff 21 days before jury instructions are due. Here, defendant did not propose its instruction -- or give plaintiff any indication of its intention to raise a same action defense to plaintiff's race or age discrimination claims – until May 26, 2009, just one day before jury instructions were due. Finally, defendant's proposed instruction misstates the "same action" defense. Under Title VII, a successful defense only limits damages. It does not defeat liability.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

**(Defendant's Proposed)**

As to Mr. Prue's federal claim that his race was a motivating factor for the University's failure to hire him as Administrative Coordinator and referral of him only to manual labor positions, he has the burden of proving both of the following elements by a preponderance of the evidence:

1.    Mr. Prue was not hired as Administrative Coordinator by the University or was referred only to manual labor positions; and

2.    Mr. Prue's race was a motivating factor in the University's failure to hire Mr. Prue for the Administrative Coordinator position or its referral of him only to manual labor positions.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If the plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's [race] [age] had played no role in the employment decision, your verdict should be for the defendant.

Source: 9th Pattern Inst. 10.1C & 11.1C

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

2

## DISPUTED JURY INSTRUCTION NO. 8

3

## AGE DISCRIMINATION—DAMAGES—WILLFUL
## DISCRIMINATION—LIQUIDATED DAMAGES

4

### (Plaintiff's Proposed)

5

6   If you find that Mr. Prue is entitled to recover back pay for his federal age
    discrimination claim, you must also determine if the University of Washington's
7   conduct was willful.   Mr. Prue has the burden of proving willfulness by a
    preponderance of the evidence.

8

9   The University's conduct was willful if it knew or showed reckless disregard for
    whether the failure to hire Mr. Prue for the Administrative Coordinator position
10  because of his age was prohibited by law.

11

12  Source: 9th Cir. Model Jury Instruction 11.7B.

13

14          Defendant does not dispute that this is a legally correct instruction.   It will be
    up to the jury to determine whether defendant discriminated against Mr. Prue
15  because of his age, and if so, whether its conduct was willful.   The Court should give
    plaintiff's purposed instruction on willful age discrimination and liquidated damages.

16

17

18                              ### (Defendant's Proposed)

19          Defendant Proposes No Instruction Be Given, as the evidence at trial will not
                                    support it.

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 12
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

## DISPUTED JURY INSTRUCTION NO. 9

2

3

## PROXIMATE CAUSE – DEFINITION

4

### (Defendant's Proposed)

5

The term "proximate cause" means a cause which in direct sequence, unbroken by
6   any new independent cause, produces the injury complained of and without which
such injury would not have happened.

7

8   *Source:   Washington Pattern Jury Instruction* 15.01; *Washington Practice: Civil
Jury Instruction Handbook,* §9.4 (p.526) and §9.5 (p.538) (2008-2009) (use in RCW
9   49.60 discrimination cases). Plaintiff is seeking damages under state law; there will
be evidence of alternate causes of Plaintiff's alleged damages.
10

11

_____

12

### (Plaintiff's Proposed)

13

Plaintiff Proposes No Instruction Be Given

14

The term "proximate cause" is inherently confusing to jurors. Furthermore, it
15   does not apply to federal discrimination law. Plaintiff believes that providing the
jury with a proximate cause instruction that will apply only to plaintiff's state law
16   claims is unnecessary and will only confuse the jury. Furthermore, the term
"proximate cause" is used in only one instruction and defendant has objected to that
17   instruction. *See* Disputed Jury Instruction No. 4.

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 13
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711


**DISPUTED JURY INSTRUCTION NO. 10**

**REASONABLE CAUSE – DEFINITION**

**(Defendant's Proposed)**

"Reasonable cause" is more than suspicion, but less than a "preponderance of the evidence."

Source:   *In re Napster, Inc., Copyright Litigation*, 479 F.3d 1078, 1094 (9th Cir. 2007) (quoting *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir.1996) (explicating *also In re Grand Jury Proceedings,* 87 F.3d 377, 380 (9th Cir.1996) (stating the standard as less than "beyond a reasonable doubt" but more than "a sneaking suspicion.").

The jury will receive an instruction on the definition of "preponderance of the evidence," and will apparently be provided evidence that the EEOC issued a "reasonable cause" Determination. The risk of confusing the jury and causing undue prejudice is far greater by failing to similarly provide the jury the definition of this legal term. There is no authority suggesting the definition of "reasonable cause" used in the EEOC Determination is any other than the definition commonly used by courts in other contexts. See also,  *Goldsmith v. Bagby Elevator*, 513 F.3d 1261, 1288-89 (11th Cir. 2008).

---

**(Plaintiff's Proposed)**

Plaintiff Proposes No Instruction Be Given

Plaintiff has no objection to the Court instructing the jury that the standard of proof used in EEOC investigations is "reasonable cause."   *See* Joint Proposed Instruction No. 31. But instructing the jury on the definition of "reasonable cause" is unnecessary and is more likely to confuse the jury than aid them.

Furthermore, none of the cases cited by defendant involve EEOC investigations. Instead, all three cases address the burden of proof for a party to establish the "crime-fraud exception" to the attorney-client privilege in grand jury proceedings or civil cases. *See, e.g., United States v. Chen*, 99 F.3d 1495, 1503 (9th Cir. 1996) ("The test for invoking the crime-fraud exception to the attorney-client privilege is whether there is "reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme.")  The Court should not provide the jury with a definition of reasonable cause that has no application or relation to EEOC investigations or cause findings.

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 14
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

## DISPUTED JURY INSTRUCTION NO. 11

2

3

### EEOC DETERMINATION—EFFECT

4

#### (Defendant's Proposed)

5

A reasonable cause determination by the EEOC is not an adjudication of rights and
liabilities. It is a nonadversary proceeding designed to notify the employer of the
EEOC's findings, which is not reviewable in court and not binding on the employer.

6

7

Source: *Goldsmith v. Bagby Elevator*, 513 F.3d 1261, 1288-89 (11th Cir.
2008)(approving jury instruction given). Plaintiff plans to introduce the EEOC
"Probable Cause" Determination at trial as evidence that the University engaged in
discrimination. Explanatory instructions are necessary to avoid confusion and undue
prejudice potentially created by jurors trying to determine on their own what the
significance of this "Determination" by a Federal agency is supposed to mean, and
what weight, if any, it may carry with it.

8

9

10

11

12

13

#### (Plaintiff's Proposed)

14

Plaintiff Proposes No Instruction Be Given

15

Defendant's proposed instruction on the effect of the EEOC determination is
unnecessary and will likely confuse the jury. The claim that the EEOC's finding is
"not binding on the employer" is particularly vague and nonsensical. Defendant's
proposed instruction will not aid the jury in its decision making and should not be
given.

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 15
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711