The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE PRUE,

    Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

    Defendant.

Case No.: C07-1859 RSL

JOINT STATEMENT OF DISPUTED
INSTRUCTION NO. 12

Respectfully submitted this 28th day of May, 2009.

FRANK FREED SUBIT & THOMAS, LLP

By: _____
Michael C. Subit, WSBA # 29189
Jillian M. Cutler, WSBA #39305
Attorneys for Plaintiff George Prue

KEATING BUCKLIN & McCORMACK, INC, PS

By: Jayne L. Freeman (per email authorization)
Jayne L. Freeman, WSBA # 24318
Attorneys for Defendant Univ. of Washington

JOINT STATEMENT OF DISPUTED INSTRUCTION NO. 12 - i
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## TABLE OF CONTENTS

| No. | Title | Source | Page # | Party |
|---|---|---|---|---|
| 12 | Motivating Factor - Definition | *Browning v. USA*, No. 07-35557 (9th Cir. May 22, 2009)<br><br>*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) | 1 | Pltf |

JOINT STATEMENT OF DISPUTED INSTRUCTION NO. 12 - ii
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

## DISPUTED JURY INSTRUCTION NO. 12

## MOTIVATING FACTOR - DEFINITION

### (Plaintiff's Proposed)

A motivating factor is a factor that played a role in the employer's decision.

Source: *Browning v. USA*, No. 07-35557 (9th Cir. May 22, 2009)
*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)

"Motivating factor" is the operative legal standard for determining liability under Mr. Prue's federal discrimination claims. The meaning of this term is not self-evident. The parties have submitted a joint purposed instruction defining "substantial factor," the operative standard for liability under Mr. Prue's state law claims. The jury should also be instructed on the definition of "motivating factor." In *Browning*, the same trial court that found it unnecessary to give a pretext instruction, found it necessary to give a "motivating factor" instruction.

---

### Defendant's Position

The current elements instructions are based on 9th circuit pattern instructions (11.1C and 10.1A) that do not include this additional language, despite language that already existed from *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) (plurality opinion)(A motivating factor is a factor that "played a part in the employment decision." ). These model instructions are sufficient.

In *Browning v. USA*, No. 07-35557(May 22, 2009), the Ninth Circuit did not approve or reject a definitional instruction regarding "motivating factor"; it merely acknowledged that the District Court below in that case had "defined 'motivating factor' as 'a factor that played a role in the decisions' of Candanoza or Ayotte." If such a definition were given it should refer to "employment decision" (as in *Price Waterhouse*) or "the employment decisions of _____ [identified employees of Defendant] (as in *Browning*) as opposed to "the employer's decision."

JOINT STATEMENT OF DISPUTED INSTRUCTION NO. 12 - 1
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2009, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jayne L. Freeman
>Keating Bucklin & McCormack, Inc. PS
>800 Fifth Ave., Suite 4141
>Seattle, WA  98104
>Email: jfreeman@kbmlawyers.com

Dated: May 28, 2009          /s/ Jill Potter
                             JILL POTTER

JOINT STATEMENT OF DISPUTED INSTRUCTION NO. 12 - 2
C07-1859 RSL

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711