1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE PRUE,

     Plaintiff,

   v.

UNIVERSITY OF WASHINGTON,

     Defendant.

Case No. C07-1859RSL

COURT'S INSTRUCTIONS
TO THE JURY

DATED this _____ 9th _____ day of June, 2009.

*MMS Lasnik*

Robert S. Lasnik
United States District Judge

07-CV-01859-CLM

**INSTRUCTION NO. 1:  DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2:  WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**INSTRUCTION NO. 3:  WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

-4-

1

2

3      **INSTRUCTION NO. 4:  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 5:  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## INSTRUCTION NO. 6: EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 7:  USE OF NOTES**


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**INSTRUCTION NO. 8:  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

-9-

**INSTRUCTION NO. 9:  CLAIMS AND DEFENSES**

The following is a summary of the claims and defenses of the parties provided to help you understand the issues in the case.  You are not to take this instruction as proof of the matters claimed.  It is for you to decide, based upon the evidence presented, whether a claim or defense has been proved.

Plaintiff is George Prue.  The defendant is the University of Washington.

In August 2005, the University's Department of Medical Education and Biomedical Informatics, also referred to as "MEBI," sought assistance from the University's temporary staffing program, known as "U-Temps," to fill a vacant position for an Administrative Coordinator.  A University employee interviewed plaintiff, but he was not chosen for the Administrative Coordinator position.

Mr. Prue claims that he was discriminated against on the basis of his race (African-American) and his age (fifty-three years old in August, 2005) when the University refused to hire him for the Administrative Coordinator position.  Plaintiff also claims that he was discriminated against on the basis of his race when the University referred him only to manual labor positions. He also claims the University retaliated against him after he complained about discrimination. Plaintiff has the burden of proving his claims by a preponderance of the evidence.

The defendant denies plaintiff's claims and asserts that it had legitimate business reasons for the decisions that it made.

1

2

3

## INSTRUCTION NO. 10: UNIVERSITY DEFENDANT AND FAIR TREATMENT

4    The University of Washington can only act through others, including its employees.

5  Therefore, the University is responsible for the acts of its employees performed within the scope

6  of their authority.  Rachael Hogan, Aaron Hinkhouse, Joanne Suffis, Sheryl Vick, Terry

7  Bustamonte, and Laura Andrews were employees of defendant during the relevant time period.

8    The fact that the defendant is the University of Washington should not affect your

9  decision.  All parties are equal before the law and the University is entitled to the same fair and

10  conscientious consideration by you as any party.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 11: NATURE OF TITLE VII, ADEA, AND WLAD CLAIMS**

Plaintiff has brought this lawsuit under two federal laws: (1) Title VII of the Civil Rights Act of 1964, which is often referred to as "Title VII," and (2) the Age Discrimination in Employment Act of 1967, which is often referred to by its initials "ADEA."   Plaintiff has also brought a claim under a state law, the Washington Law Against Discrimination, sometimes referred to as the "WLAD."  These laws prohibit employers from discriminating against employees or retaliating against them.  Specifically, Title VII prohibits discrimination based on race, and the ADEA prohibits discrimination based on age.  The WLAD prohibits discrimination based on either race or age.

As you listen to these instructions, please keep in mind that many of the terms used have a special meaning under the law.  Please remember to consider the specific definitions in these instructions, rather than using your own opinion as to what these terms mean.

**INSTRUCTION NO. 12: TITLE VII AND ADEA CLAIMS – DIFFERENT TREATMENT – "MOTIVATING FACTOR"**

Mr. Prue has brought federal claims of employment discrimination against the University of Washington under Title VII and the ADEA.  He claims that his race and/or his age were motivating factors for the University's failure to hire him for the position of Administrative Coordinator, and that his race was a motivating factor for the University's referral of him only to manual labor positions.  The University denies that Mr. Prue's race or age were motivating factors and further claims that its decisions were based on lawful reasons.

A "motivating factor" is a factor that played a part in the University's decision not to hire plaintiff for the position of Administrative Coordinator and/or to refer him only to manual labor positions.

## INSTRUCTION NO. 13: TITLE VII – DIFFERENT TREATMENT – ELEMENTS AND BURDEN OF PROOF

As to Mr. Prue's federal claim that his race was a motivating factor for the University's failure to hire him as Administrative Coordinator and referral of him to only manual labor positions, he has the burden of proving each of the following elements by a preponderance of the evidence:

(1)     Mr. Prue was not hired as Administrative Coordinator by the University or was referred only to manual labor positions, and

(2)     Mr. Prue's race was a motivating factor in the University's failure to hire him for the Administrative Coordinator position or its referral of him only to manual labor positions.

If you find that Mr. Prue has proved both of these elements, then your verdict should be for the plaintiff on this claim.  If you find that Mr. Prue has failed to prove either of these elements, then your verdict should be for the defendant on this claim.

-14-

**INSTRUCTION NO. 14: ADEA – DIFFERENT TREATMENT – ELEMENTS AND BURDEN OF PROOF**

As to Mr. Prue's federal claim that his age was a motivating factor for the University's failure to hire him as Administrative Coordinator, he has the burden of proving each of the following elements by a preponderance of the evidence:

(1)   Mr. Prue was not hired as Administrative Coordinator by the University;

(2)   Mr. Prue was 40 years of age or older at the time he was not hired for the Administrative Coordinator position; and

(3)   Mr. Prue's age was a motivating factor in the University's failure to hire him for the Administrative Coordinator position.

If you find that Mr. Prue has proved all three of these elements, then your verdict should be for the plaintiff on this claim.  If you find that Mr. Prue has failed to prove any of these elements, then your verdict should be for the defendant on this claim.

# INSTRUCTION NO. 15: WLAD DISCRIMINATION CLAIM – ELEMENTS AND BURDEN OF PROOF

Mr. Prue has brought Washington state law claims of employment discrimination against the University. He claims that his race and/or age were substantial factors for the University's failure to hire him for the position of Administrative Coordinator. He also claims that his race was a substantial factor in the University's decision to refer him only to manual labor positions. The University denies that Mr. Prue's race or age was a substantial factor for those decisions and further claims that its actions were based on lawful reasons.

To prevail on his WLAD claim, plaintiff must prove, by a preponderance of the evidence, both of these two elements:

(1) Mr. Prue was not hired as for the Administrative Coordinator position by the University and/or was referred only to manual labor positions; and

(2) Mr. Prue's race and/or age was a substantial factor in the University's failure to hire him for the Administrative Coordinator position, or that Mr. Prue's race was a substantial factor in the University's referral of him only to manual labor positions.

It is for you to decide whether plaintiff's race and/or age was a substantial factor for the defendant's decision not to hire him for the Administrative Coordinator position, and whether plaintiff's race was a substantial factor in defendant's referral of plaintiff only to manual labor positions. If you find that the plaintiff has proved both of the above elements, your verdict should be for plaintiff on this claim. If, on the other hand, plaintiff has failed to prove either of these elements, your verdict should be for the defendant on this claim.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean that race and/or age was the only factor or the main factor in the defendant's decision not to hire plaintiff as Administrative Coordinator, or that but for plaintiff's race and/or age, defendant would have hired plaintiff for the position.

-16-

1  "Substantial factor" does not mean that race was the only factor or the main factor in defendant's

2  decision to refer plaintiff only to manual labor positions, or that but for plaintiff's race,

3  defendant would not have taken that action.

## INSTRUCTION NO. 16: WLAD RETALIATION CLAIM – ELEMENTS AND BURDEN OF PROOF

Mr. Prue also asserts a claim against the University of Washington for retaliation under the WLAD. It is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of race or for providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred.

To establish a claim of unlawful retaliation by the University, Mr. Prue has the burden of proving all of the following propositions:

(1) Mr. Prue was opposing what he reasonably believed to be discrimination on the basis of race;

(2) the University took an adverse employment action against Mr. Prue; and

(3) retaliation was a substantial factor behind the adverse employment action.

If you find from your consideration of all of the evidence that all of these propositions has been proved, then your verdict should be for the plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant on this claim.

The plaintiff does not have to prove that his opposition was the only factor or the main factor in defendant's decision, nor does plaintiff have to prove that but for his opposition defendant would not have taken an adverse employment action.

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

### INSTRUCTION NO. 17:  MEASURE OF DAMAGES

It is the duty of the Court to instruct you as to the measure of damages.  By instructing you on damages the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Prue on any of his claims, then you must determine the amount of money that will reasonably and fairly compensate the plaintiff for such damages as you find were caused by the defendant's actions.

You should consider the following damages elements:

(1)  Back Pay:  Back pay includes any lost pay and employee benefits Mr. Prue would have received from the date the University failed to hire him as Administrative Coordinator to the date of trial.  Mr. Prue has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence; and

(2)  Compensatory Damages: The emotional harm to Mr. Prue caused by the defendant's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Mr. Prue in the future.

The burden of proving damages rests upon the plaintiff.  It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  The law has not furnished us with any fixed standards to measure emotional distress, humiliation, loss of enjoyment of life, personal indignity, embarrassment anxiety or anguish.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

-19-

### INSTRUCTION NO. 18:  DAMAGES – MITIGATION

Mr. Prue has a duty to use reasonable efforts to mitigate his compensatory damages and his back pay damages.  To mitigate means to avoid or reduce damages.  If you find for plaintiff on any of his claims, you must determine whether the University has proven that he failed to mitigate his damages.

To establish a failure to mitigate compensatory damages, the University has the burden of proving:

(1)     That Mr. Prue failed to use reasonable efforts to mitigate damages; and

(2)     The amount by which damages would have been mitigated.

If you find that the defendant has proved both elements 1 and 2 above, you should reduce your award of compensatory damages accordingly.

To establish a failure to mitigate back pay damages, the University has the burden of proving:

(A)     There were openings in comparable positions available for plaintiff elsewhere after defendant refused to hire him;

(B)     Plaintiff failed to use reasonable care and diligence in seeking those openings; and

(C)     The amount by which damages would have been reduced if plaintiff had used reasonable care and diligence in seeking those openings.

If you find that the defendant has proved elements A, B, and C above, you should reduce your award of damages for back pay accordingly.  You should take into account the

1  characteristics of the plaintiff and the job market in evaluating the reasonableness of the

2  plaintiff's efforts to mitigate back pay damages.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## INSTRUCTION NO. 19:  DAMAGES – INTERIM EARNINGS

If you award damages for back pay to Mr. Prue, the amount of the award must be reduced by the amount of pay Mr. Prue earned from other employment or the amount of pay Mr. Prue could have earned with reasonable diligence as set forth in the previous instruction regarding mitigation.

## INSTRUCTION NO. 20:  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in Court. You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

-23-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## INSTRUCTION NO. 21:  COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open Court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### INSTRUCTION NO. 22:  RETURN OF VERDICT

A special verdict form has been prepared for you.  The special verdict form consists of several questions for you to answer.  You must answer the questions in the order in which they are written, and according to the directions on the form.  It is important that you read all the questions before you begin answering, and that you follow the directions exactly.  Your answer to some of the questions will determine whether you are to answer all, some, or none of the remaining questions.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.